THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN YERA, Defendant and Appellant.

No. 9492. Argued July 21, 1942.—Decided July 29, 1942.

*Julio Viera Morales* for appellant. *George A. Malcolm, Attorney General*, and *R. A. Gómez, Prosecuting Attorney*, for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The defendant was convicted by a jury on a charge of involuntary manslaughter, and has appealed from the judgment sentencing him to a term of one year in jail.

 Although three errors are assigned, two of them involve the same episode. The testimony showed that the defendant had, while driving a truck, struck and killed the decedent. While the jury was deliberating, it returned to the courtroom at its own request and the following colloquy took place:

"Foreman of the Jury: Your Honor: Some of the jurors heard a question put by Your Honor to one of the witnesses with reference to the stretch of road where the facts took place, as to whether there was any curve.

"Judge: It seems that it was witness Felipe Ortiz. The stenographer might read the relevant part to the gentlemen of the jury.

" (Stenographer: (reading from his notes):

" 'Judge: The court would like to clear up this point. The place where the accident occurred, was it a curve or a straight stretch of road?

" 'There was merely a curve.

" 'Can it be seen from a distance?

" 'Yes, sir.

" 'Is there a curve where the accident occurred?

" 'Just a curve.'

---

"Dámaso A. Toro: I would like to know whether the bend was to the left or to the right?

"Judge: The witness did not say. The witness said that it was simply a curve and that it could be seen from a distance, and nothing else.

"District Attorney: He seemed to have stated that the truck was traveling towards Guayanilla.

"Judge: We cannot insert anything. The gentlemen of the jury shall not take into consideration the words of the District Attorney.

"Mr. Verges, Juror: Whether the accident occurred on taking the curve or before reaching it.

"Judge: Nothing further has been stated by the witness regarding the place of the accident; that there was merely a curve and that it could be seen from a distance. He said nothing further nor did anybody ask him. You may retire and continue deliberating. The court will take a recess until the return of the jury.

" (The jury again retires to deliberate).''

We see nothing prejudicial in the remark made by the district attorney that the truck was going toward Guayanilla. As a matter of fact, the witness in question had testified that the truck was going from Ponce to Guayanilla. Apparently there never was any dispute about that particular fact. The court, nevertheless, admonished the jury not to take the statement of the district attorney into consideration, and the defendant made no objection or any statement whatsoever during this colloquy. The defendant relies on *People* v. *Marchand,* 53 P.R.R. 640, but the facts here are not even remotely similar to what occurred in that case.

The remaining alleged error is that there was manifest error in the weighing of the evidence. The charge here was that the defendant's criminal negligence in driving a truck resulted in the death of the decedent. The testimony of the People, which the jury believed, was that early in the afternoon the deceased and another man were walking slowly, on the right side of the road, toward Guayanilla; that as they were rounding an ordinary curve in the road, a truck, which was being driven at very high speed in the same direction by the defendant, who had failed to blow his horn, struck the deceased, who was thereby thrown into the adjacent ditch and who subsequently died from the resulting injuries. The deceased was struck by the rear part of the truck, which was wider than the front part. The defendant did not stop, but continued driving toward Guayanilla.

The defendant relied on testimony that the decedent was drunk, and walked into the truck. Under all the circumstances, the jury was justified in not believing this testimony and in returning a verdict of guilty. *People* v. *Ramos,* 43 P.R.R. 68, and *People* v. *Rivera,* 55 P.R.R. 756, cited by the defendant, are distinguishable on their facts. The *Ramos* case in particular clearly involved an unavoidable accident.

The judgment of the district court will be affirmed.